# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Google Pixel 2 XL Cellular Telephone located at 90<br>Sloan Road, Franklin, North Carolina | )<br>)<br>)  Case No. 1:19 mj 30<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Western_____ District of _____North Carolina_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. |
| 21 U.S.C. 846 | Attempt or conspires to commit any offense defined in Title 21 U.S.C. 841(a)(1) |

The application is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Derik R. Breedlove U.S. Forest Service Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/19/2019

*Judge's signature*

City and state: Asheville, North Carolina

W. Carleton Metcalf, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF GOOGLE PIXEL 2 XL CELL PHONE CURRENTLY LOCATED AT 90 SLOAN ROAD FRANKLIN, NORTH CAROLINA | Case No. _____ |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Derik Ray Breedlove, a Special Agent with the United States Forest Service, assigned to North Carolina Law Enforcement and Investigations, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I, Derik Ray Breedlove, am a Special Agent with the United States Forest Service (USFS), and have been since February of 2018. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC) in Brunswick, Georgia. Prior to this, I worked as a sworn, uniformed Law Enforcement Officer for the USFS for nine years, having graduated from the Land Management Training Program at the FLETC in Brunswick, Georgia. While attending training at FLETC, I received specialized training in the investigation of crimes involving the use and aid of technical equipment including, but not limited to; personal computers, cellular telephones, and global positioning systems. During my

career, I have participated in and have conducted arrests for various types of felony and misdemeanor matters. I have conducted seizures of property and records associated with many types of illegal activities affecting federal and state properties. I have participated in surveillance operations, observing and recording movements of persons suspected of trafficking in drugs. As a result of these investigations, I have become very familiar with methods used by marijuana growers to locate, set up, cultivate, harvest and conceal marijuana grow sites. I have also become very familiar with methods used to re-supply the grow sites and remove harvested marijuana from the site. During these investigations, I have learned that the primary means of communication between the grower and the upper levels of their organization is by cellular telephone.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4. The property to be searched is a Google Pixel 2 XL, model number G0110, hereinafter the "Device." The Device is currently located at 90 Sloan Road, Franklin, NC 28734.

5. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

6. During the month of May, 2018, United States Forest Service Law Enforcement Officer (LEO) Charlie Blaine was contacted by a confidential informant (CI) known to law enforcement and told that he had located a marijuana grow site on USFS land in Macon County,

2

North Carolina. The CI provided approximate GPS coordinates of the grow site and a photograph of planted marijuana plants. The CI provided the name of Jacob Paul VANWEELDEN as a possible suspect.

7. The CI stated that VANWEELDEN was accessing the area in a blue or gray colored Honda Ridgeline. LEO Blaine forwarded SA Glenn the photograph taken by the CI of numerous suspected marijuana plants in a cleared area and the approximate GPS coordinates of the location. SA Glenn's analysis of the location showed the area to be on USFS land, adjacent to a private subdivision, in which no established trails or recreational areas exist. SA Glenn determined that the photograph was of growing marijuana plants based on his training and experience in the identification of growing marijuana plants.

8. On Monday, July 23, 2018, LEO Blaine, Macon County Investigators Matt Breedlove and Clay Bryson, and Special Agent (SA) Scott Glenn conducted a reconnaissance of the area on foot and located the grow site. Numerous large trees had been cut and vegetation had been cleared and removed from the cultivation site. Various type of cultivation tools and fertilizers were located at the grow site that based on SA Glenn's training and experience, were being used in the cultivation of marijuana. While conducting the reconnaissance, SA Glenn deployed four unmanned surveillance cameras. Camera 1 was placed along the dead end access road to the grow site. Cameras 2, 3, and 4 were placed at different locations within the grow site. This site is located on National Forest System lands within the boundary of the Nantahala Ranger District, Nantahala National Forest, in the Western District of North Carolina. This portion of the Nantahala National Forest falls within the boundary of Macon County, North Carolina.

9. On Tuesday, July 24, 2018 Camera 2 which had been placed in the grow site, captured video and images of one Caucasian male suspect, and two Hispanic male suspects working in the grow site. The Caucasian suspect is tall and heavy set, wearing a white t-shirt with a multi-colored design on the front. He is wearing blue, knee length shorts with two blue and black stripes running lengthwise on each out seam, and white shoes. Based on SA Glenn's analysis of the camera footage of the Caucasian male suspect and comparing the images of the suspect with North Carolina DMV photographs, criminal history photographs, and Facebook pictures, CI information and vehicle registration, SA Glenn determined that the Caucasian male suspect is Jacob Paul VANWEELDEN.

10. On Sunday August 19, 2018, at approximately 1:15p.m., Camera 1 which had been placed on the dead end access road leading to the site, photographed a Honda Ridgeline bearing North Carolina license plate PAK-9128 entering the dead end road leading to the marijuana grow site. At approximately 1:22p.m., Camera 4, which had been placed in the grow site, captured video and images of VANWEELDEN taking pictures of the marijuana plants with his cell phone. VANWEELDEN was photographed inspecting the plants and placing wire cages around the plants. VANWEELDEN was wearing a red t-shirt with an image on the front, and gray, knee length shorts.

11. On December 21, 2018, SA Glenn and I interviewed VANWEELDEN at his residence located at 672 Cherokee Trail, Sapphire, NC. VANWEELDEN was given his Miranda Warning and indicated that he understood his rights verbally and by signing a written waiver. Throughout the interview, VANWEELDEN was cooperative and provided details of his marijuana grow site. During the interview, VANWEELDEN was asked if he had a personal cell

4

phone, and was asked if he had it with him at that time. VANWEELDEN retrieved a dark colored cell phone from his pocket. VANWEELDEN was asked if this was his personal phone and if it was the same cell phone that our cameras had pictures and video of him using in the grow site. VANWEELDEN stated that this was the only phone that he had used since March so it was the same cell phone. SA Glenn advised VANWEELDEN that we would need to take his phone for the investigation and VANWEELDEN handed over his phone. I asked him what kind of phone it was and for the password to access it. VANWEELDEN stated that the phone was a Google Pixel 2 XL and provided the password 5959.

12. VANWEELDEN also stated in the interview that he used his cell phone to take pictures of his marijuana plants in the grow site to compare deficiencies online and to try to figure out what was wrong with his plants. VANWEELDEN also used his cell phone to communicate through messenger to organize meeting times and locations with Charlie and Alexis FLORES to assist him at the grow site. During the interviews with the FLORES', I learned that on numerous occasions, VANWEELDEN contacted the FLORES' by cell phone, through messenger to request that they pick up supplies for him on their route to the grow site as early as April 17, 2018. VANWEELDEN stated that he did not send any of the pictures taken at the marijuana grow to anyone.

13. The Device is currently in the lawful possession of the United States Forest Service. It came into the US Forest Service's possession during an interview with Jacob VANWEELDEN, which he consensually gave to us. Therefore, while the US Forest Service might already have all necessary authority to examine the Device, I seek this additional warrant

5

out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

14. The Device is currently in storage at 90 Sloan Road, Franklin, NC. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the US Forest Service.

## TECHNICAL TERMS

15. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing

6

and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

16. Based on my training, experience, and research, and from consulting the manufacturer's advertisements and product technical specifications available online at https://store.google.com/sg/product/pixel_2_xl_specs , I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, and GPS navigation device. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

17. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

18. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

19. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

20. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

21. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

Derik R. Breedlove
Special Agent
U.S. Forest Service

Subscribed and sworn to before me
On February 19th, 2019.

W. CARLETON METCALF
UNITED STATES MAGISTRATE JUDGE

9

# ATTACHMENT A

The property to be searched is a Google Pixel 2 XL, model number G0110, hereinafter the "Device." The Device is currently located at 90 Sloan Road, Franklin, NC 28734. The Device has a "G" on the back above the model number and is in a black case.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of Title 21, United States Code Section 841(a)(1), Title 21, United States Code, Section 846 and involve Jacob Paul VANWEELDEN since April 17, 2018, including:

   a. Dialed outgoing telephone/pager numbers, incoming telephone/pager numbers, missed incoming telephone/pager numbers, numeric/alphanumeric and text messages sent or received, verbal messages sent or received, address and telephone/pager number listings, electronically composed memorandum, time and or data markings to included calendar format organization of all such data, phone book listings to include names, aliases, telephone/pager numbers, codes, types of phone numbers and addresses, photos and videos, and internet web browser history data, which records constitute evidence of the violation;

   b. lists of customers and related identifying information;

   c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   e. any information recording Jacob VANWEELDEN's schedule or travel from May 1, 2018 to the December 21, 2018 ;

   f. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

2

Case 1:19-mj-00030-WCM   Document 1-1   Filed 02/19/19   Page 13 of 13